UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                             )
UNITED STATES OF AMERICA     )
                                             )
v.                                          )   CRIMINAL NO. 1:22-cr-10211- ADB
                                           )
EDWIN COLLAZO,               )
     Defendant                     )

**DEFENDANT'S SENTENCING MEMORANDUM**

Now comes the Defendant, *Edwin Collazo ("Edwin")*, and respectfully submits this sentencing memorandum in support of a sentence of time-served (163 days), followed by 4 years of supervised release, no fine, based on Edwin's inability to pay, no restitution as restitution is no applicable in this case. Edwin is in agreement with probation's assessment of conditions of release with 2 exceptions. First, special condition #5 direct participation in an educational services program, as directed by probation. Probation recommends GED preparation or English as a Second Language. Edwin is bi-lingual and has no problem speaking English. For this reason, Edwin would request this Honorable Court not impose that as a condition. Second, special condition #2 recommends Edwin participate in a substance abuse program. Edwin requests this Honorable Court designate Project Turnabout as his program.[1]

---

[1] Edwin is currently participating in the Project Turnabout program in Weymouth, MA. He has made tremendous strides in the program and requests the court designate this program for his treatment.

**Procedural History**

On July 19, 2022, Edwin made his initial appearance on docket 1:22-mj-2322-MBB.  On the same date Edwin was released on a $25,000 unsecured bond.  Conditions of release were set.  Among his conditions of release, Edwin was to participate in inpatient or outpatient substance abuse therapy.  See Condition 7(o).  On August 29, 2022, Edwin was arraigned on docket 1:22-cr-10211 charging him in count one with Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl in violation of 21 U.S.C. § 846, and in count three Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); 18 U.S.C. § 2.  On June 8, 2023, Edwin plead guilty to both of the above-referenced indictments.

**Defendant's Sentencing Argument**

"District Courts must determine in each case what constitutes a sentence that is 'sufficient, but not greater than necessary, to achieve the overarching sentencing purposes of 'retribution, deterrence, incapacitation and rehabilitation.'" *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1903 (2018), citing *Tapia v. United States*, 131 S. Ct. 2382 (2011).  "…[a] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 128 S. Ct. 586, 596 (2007).  "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Id*.  After both parties are given an opportunity to argue for a sentence the party deems appropriate, the Court should then consider all factors set out in 18 U.S.C. § 3553 (a).  *Id*. at 596.  The court

may not presume the Guidelines range is reasonable.  The court "must make an individualized assessment based on the facts presented." *Id*. at 597.

## Edwin Collazo's Background

Edwin Collazo is a 28-year-old young man who was born in Puerto Rico.  Edwin was raised by his mother and father.  Edwin's mother was 14 years-old when he was born.  Edwin's father struggled with addiction when Edwin was growing up and still struggles with addiction today.  Edwin has two younger siblings, a brother and sister, both who remain supportive of Edwin.  **See Exhibit Nine**.

Edwin's childhood is best characterized by very difficult circumstances.

First, Edwin was raised in poverty.  Edwin's mother worked hard to try and support Edwin and his younger brother and sister.  Money was scarce.  There were times when Edwin and his siblings had to wear the same clothing day after day because his mother did not have money to buy them clothing.  There were also times when food was scarce.  Edwin had times when he went hungry because there was not enough money to buy food.

Second, Edwin was exposed to significant violence when growing up in Puerto Rico.  Edwin lived in a bad area of Puerto Rico.  Edwin reports the police were afraid to visit his neighborhood due to the violence in the neighborhood.  Before the age of nine, Edwin witnessed his uncle get shot and killed in front of him.  Edwin also witnessed his father physically abuse his mother when trying to obtain money to buy drugs.  On one occasion, Edwin's father was so insistent on obtaining money for drugs, he attempted to drown Edwin in the bathtub in an effort to coerce Edwin's mother to give him money for drugs.  Edwin was about five years-old at the time.  This incident had a lasting negative

impact on Edwin.  The trauma Edwin suffered from the attempted drowning still impacts Edwin today.  Edwin is afraid of water and avoids going to the beach because of the incident.

At the age of nine, Edwin's family escaped the violence of Puerto Rico and moved to New Bedford.  Upon arriving in New Bedford, the family lived in shelters.  Eventually they were able to obtain public housing and receive public assistance for food.

Edwin's mother worked several jobs and eventually, she was able to buy a house.  **Exhibit Ten**.  During his teen years, Edwin began experimenting with illicit narcotics.  Edwin began using marijuana around the age of sixteen.  Edwin began stealing Percocet pills from his sister.  Edwin became addicted to Percocet.  At this time, he turned to Heroin, because it was cheaper and needed to feed his addiction.  Eventually, Edwin was unknowingly introduced to Fentanyl.  Edwin began using Fentanyl thinking it was Heroin.  He quickly became addicted to Fentanyl.

Edwin began selling drugs to support his own addiction.  He reports he became distant from people. Friends and family did not want to talk to him.  Edwin's addiction manifested not only in his use and his own addiction, but also in his behavior to obtain money to feed his addiction.  Edwin reports stealing from his family, selling his possessions and destroying relationships with girlfriends, all as a result of his addiction.

Edwin is committed to sobriety and becoming a better person for his family and a better father for his eleven-year-old daughter.

Since this case began, Edwin has had some bumps in the road.  However, Edwin is making extraordinary progress in dealing with his addiction.  On September 15, 2022,

Edwin tested positive for Fentanyl and a report of misusing benzodiazepine, which are prescribed.  PO Turkington did not seek revocation of Edwin's conditions of release based on his plan to enter a long-term treatment program, at the Stepping Stone Program in Fall River.  On November 1, 2022, PO Turkington sought a hearing for a violation of conditions of release for misuse of benzodiazepine and being asked to leave the Stepping Stone Program.  On November 1, 2022, Judge Levenson found a violation and revoked Edwin's release.  Edwin spent the next 163 days in custody at Wyatt Detention Center.

While disappointed that he was incarcerated, Edwin made positive use of his time at Wyatt.  Edwin obtained certificates in the following programs:

"Rational Thinking," **Exhibit One**.

"Living with Others," **Exhibit Two.**

"Criminal Lifestyles," **Exhibit Three.**

During his time at Wyatt, Edwin had no disciplinary infractions and was quiet and respectfully within his unit.  **Exhibit Four**.

Edwin remained in custody until April 11, 2023.  Edwin had obtained placement in a program and sought reconsideration of his revocation.  Judge Levenson released Edwin on conditions.

On June 8, 2023, Edwin pled guilty to the two indictments in this case.  On June 19, 2023, Edwin applied for the RISE program.  **Exhibit Five**.  On July 29, 2023, Edwin was not recommended for the RISE Program.  **Exhibit Six**.

On July 24, 2023, Edwin was asked to leave the Steeping Stone Program.  On July 28, 2023, Edwin entered the Spectrum CSS program in Weymouth.  On August 18,

2023, a show cause hearing was conducted before Judge Levenson.  Judge Levenson, PO Turkington and AUSA Mulcahy agreed to release Edwin to further his treatment at Project Turnabout in Weymouth.[2]

A short-time later, Edwin learned he had not been accepted to the RISE program. In between the violation and the show cause hearing on August 18, 2023, Edwin continued treating his addiction.  The denial of acceptance to the RISE program could had triggered a relapse or sent Edwin down a dark path.  Instead, he maintained his steadfast approach to maintain a sober lifestyle.

Edwin entered Project Turnabout on August 29, 2023.  The program manager reports Edwin has been "vocal about trying things different this time."  Edwin "has become more outspoken" during his time at Project Turnaround.  Edwin has been selected as the head of the "Motivation crew" a role where he works on communicating and helping his peers.  **See Exhibit Seven**.  As a Therapeutic Community, the program offers structure for the program participants.  This method is designed to help change behavior.  Each participant is required to follow the rules, from 6:30 a.m. until 11:00 p.m. at lights out.  **Exhibit Eight**.  Edwin has exceled in this environment.

## Applicable Sentencing Guidelines

In this case, Edwin has pled Guilty to count one with Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl in violation of 21 U.S.C. § 846, and in count three Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); 18 U.S.C. § 2. Because the total weight attributable to Edwin is 30.412

---

[2] This program is affiliated with Spectrum, the CSS where Edwin was a patient.  Project Turnabout is upstairs from the CSS and is a Therapeutic Community.

grams, his base level offense is at least 24 grams but less than 32 grams. U.S.S.G. §2D1.1 (c)(10). This is a base level offense of 20. Edwin has clearly accepted responsibility for his offenses, thereby decreasing his base level offense by 2. U.S.S.G. §3E1.1(a). Edwin timely notified the Government of his intention to pled guilty thereby allowing the Government to avoid preparing for trial, thereby decreasing his offense level by an additional 1. U.S.S.G. § 3E1.1(b). This results in a total offense level of 17.

Criminal History

Edwin's criminal history score is six points. Under the U.S.S.G, Chapter 5 Part A, a criminal history score of six results in a criminal history category of III.

Guideline Range

Based on a base level offense of 17 and a criminal history category III, Edwin's guideline range is 30-37 months.

Variance from U.S.S.G

Edwin asks the court to impose a variance from the U.S.S.G. as it relates to his case. "Variances do differ from departures. There may well be cases that would not justify a departure under the Guidelines but which are appropriate for a variance. Factors ordinarily considered irrelevant in calculating the advisory guideline range, or in determining whether a guideline departure is warranted, can be relevant in deciding whether to grant a variance." *United States v. Chase*, 560 F. 3d 828, 830 (1st Cir., 2009). "In fashioning a 'sentence sufficient, but not greater than necessary' {citation omitted}, district courts are not only permitted, but required to, consider the history and characteristics of the defendant." *Id*. "…factors such as a defendant's age, medical condition, prior military service, family obligations, entrepreneurial spirit etc. can be the

basis for a variance." *Id*. "In addition, factors that have already been taken into account in calculating the advisory guideline range, such as a defendant's lack of criminal history, can nevertheless form the basis of a variance." *Id*.

Considering Edwin's background, his difficult upbringing, the facts and circumstances of this case, the fact that the conduct, while indeed criminal, appears to be borne from addiction, coupled with the positive strides he is making with treatment, makes this case appropriate for the variance requested by Edwin.

Sentencing Factors under 18 U.S.C. § 3553(a)

The Court, in determining the particular sentence to be imposed, shall consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). "The commission has not developed any standards or recommendations that affect sentencing ranges for many individual characteristics, matters such as age, education, mental or emotional condition, medical condition (including drug or alcohol addiction), employment history, lack of guidance as a youth, family ties, or military, civic, charitable or public service are generally not considered under the Guidelines. See U.S.S.G. Manual, §§ 5111.1-6, 11 and 12 (November 2006). These are however, matters that § 3553(a) authorizes the sentencing judge to consider." *Rita v. United States*, 127 S. Ct. 2456, 2473 (2007) (Stevens J. and Ginsburg J., concurring).

Nature and Circumstances of Crime

The facts giving rise to these indictments involve selling drugs, Fentanyl. Edwin is very aware that Fentanyl is a scourge on society. Edwin acknowledges Fentanyl is highly addictive. He has first-hand knowledge of the grip that Fentanyl can have on

someone who is addicted. He is remorseful about his participation in this conspiracy and the harm it has caused to others. Edwin has taken positive steps to rid himself of his addiction and make a positive impact on society.

Personal History and Characteristics of Defendant

As referenced in Edwin's background above, Edwin has had a difficult path to this point in his life. Struggling from poverty and exposure to violence, both observing violence and being the victim of violence, provide the court with some context. This is no excuse for his crimes, Edwin has fully accepted responsibility for his crimes. Edwin asks the court to consider the context provided in his background, along with the positive strides he is making in dealing with his addiction.

The Need for the Sentence Imposed

Under 18 U.S.C. § 3553(a)(2), the Court must consider the following factors when imposing sentence:

> The sentence must reflect the seriousness of the offense, and should promote respect for the law, and to provide a just punishment for the offense. The sentence must also afford adequate deterrence to criminal conduct, and should protect the public from further crimes of the defendant, and must also consider whether the sentence will address any needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Seriousness of Offense, Respect for Law, Just Punishment

After pleading Guilty, Edwin has been convicted of two felony offenses. A sentence of time-served (163 days) followed by a four-year period of Supervised Release is 'sufficient, but not greater than necessary.' The challenge for Edwin will continue to be dealing with his addiction. By all accounts, he appears to be making tremendous progress. He is in the correct program, a Therapeutic Community. Edwin

marvels at the structure of the program, the interaction he has with his peers and his counselors. Given the facts and circumstances of this case, a sentence of time-served (163 days) acknowledges the seriousness of the offense, promotes respect for the law, and is a just punishment.

Deterrence

Edwin's proposed sentence of time served, followed by four years of Supervised Release will serve as a substantial deterrent. "A term of Supervised Release may be imposed by the court *as part of the sentence of imprisonment* at the time of the initial sentencing." U.S.S.G Chapter 7, Part A (2)(b). {emphasis added} The deterrent effect of the Supervised Release portion of the sentence is a meaningful portion of the sentence in this case. Edwin knows should he violate his conditions of Supervised Release he will be subjected to prison. Court Supervision is a significant deterrent and accomplishes the sentencing goal of affording adequate deterrence toward future criminal conduct.

Protection of the Public

The proposed sentence will protect the public. As outlined above, strict conditions of supervised release will be in place for the next four years. Edwin recognizes that should he re-engage in selling drugs or using drugs, significant penalties can flow. Coupled with the deterrent effect of the sentence which includes strict conditions, the sentence requested by Edwin is 'sufficient but not greater than necessary.'

10

Correctional Treatment

Edwin is already in treatment and already making positive strides toward maintaining sobriety and becoming a productive member of society.  His behavior is changing.  This is a critical component to maintaining a sober life.  Arguably, a sentence of further incarceration in this case is counterproductive.  Edwin has been incarcerated for 163 days.  That committed time has been sobering for him.  He does not want to be part of a revolving door in and out of prison.  Remaining in treatment at Project Turnabout is the most effective treatment to help Edwin address his addiction.

The Kinds of Sentences Available

Based on the statute, no mandatory minimum sentence is required.  Edwin's requested sentence is within the Court's discretion.  Considering all of the sentencing factors, the sentence is 'sufficient but not greater than necessary.'

The Need to Avoid Unwarranted Sentence Disparities

The proposed sentence does not offend justice or create an *unwarranted* sentence disparity. {emphasis added}. The requested sentence is below the guideline range and may be lower than others similarly situated.  That does not create an unwarranted sentence disparity.  There is a strong argument that the facts and circumstances of the case, along with Edwin's background and the difficulties he had growing up, do warrant consideration.  The sentence is 'sufficient but not greater than necessary.'

## Conclusion

WHEREFORE, Edwin Collazo respectfully requests this Honorable Court adopt his recommendation for a sentence of time served (163 days), 4 years of Supervised

Release, no fine, based on Edwin's inability to pay, no restitution as restitution is no applicable in this case

DATE:  October 8, 2023

Respectfully Submitted
Edwin Collazo
By his attorney,

/s/ Jeffrey Miller
Jeffrey Miller, Esq.
60 Leo Birmingham Pkwy., Ste. 103
Boston, MA 02135
BBO # 670561
(617) 482-5799
jmiller@millercriminaldefense.com

## CERTIFICATE OF SERVICE

I, Jeffrey Miller, hereby certify that this document, filed through the ECF System on October 8, 2023, will be electronically sent to the registered participants as identified on the Notice of Electronic Filing (NEF), and that papers will be sent to all non-registered participants who have appeared in this case.

/s/ Jeffrey Miller